[968 NE2d 965, 945 NYS2d 611]

In the Matter of LUYSTER CREEK, LLC, Appellant, v NEW YORK STATE PUBLIC SERVICE COMMISSION et al., Respondents.

Argued March 19, 2012; decided April 26, 2012

APPEARANCES OF COUNSEL

*Dax Law Firm, P.C.,* Albany (*John W. Dax* and *William F. McLaughlin* of counsel), for appellant.

*Peter McGowan, General Counsel,* Albany (*Jonathan D. Feinberg* and *John C. Graham* of counsel), for New York State Public Service Commission, respondent.

*Davis Polk & Wardwell LLP,* New York City (*Guy Miller Struve* of counsel), and *Scott A. Levinson* and *Stephen T. Brewi,* for Consolidated Edison Company of New York, Inc., respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, the petition should be granted and the April 2007 determination of the New York State Public Service Commission should be annulled.

In December 2001, petitioner Luyster Creek, LLC (Luyster Creek) and respondent Consolidated Edison Company of New York, Inc. (Con Edison) entered into a purchase agreement whereby Luyster Creek would purchase a parcel of land located in Astoria, Queens, which Con Edison no longer needed. As part of the negotiations, Luyster Creek informed Con Edison that it was its intention to construct an envelope factory on the land. Pursuant to Public Service Law § 70 the agreement between Luyster Creek and Con Edison needed the approval of respondent New York State Public Service Commission (the Commission). Luyster Creek and Con Edison submitted a petition to the Commission requesting authorization for the transaction "under the terms and conditions set forth in the Agreement." On November 25, 2002, the Commission approved the transfer as satisfying the public interest requirement of Public Service Law § 70, subject to certain conditions. The transaction never closed.

Although the Commission, in its declaration approving the transfer, noted that Luyster Creek intended to build an envelope factory, it did not expressly make the construction of said factory a necessary condition of the approval or a condition precedent to the transfer. The Commission did, however, expressly condition its approval of the transaction "upon compliance by Con Edison, [Luyster Creek], *and their successors and assigns* with the National Electric Code, the National Electric Safety Code, the Commission's rules and regulations, the Commission's

standards for electrostatic and electromagnetic fields, and all other applicable laws, rules and regulations" (emphasis added). The Commission ordered that the transaction was "approved subject to the conditions set forth below and in the body of this Order."

Subsequently, Con Edison learned that Luyster Creek no longer intended to build the envelope factory. Con Edison petitioned the Commission to rescind the November 2002 order approving the transaction. On April 24, 2007, the Commission rescinded its approval of the transfer stating: "use of the Property for construction of an envelope manufacturing facility was one of the essential factors that this Commission considered in making a determination that the proposed transfer is in the public interest, pursuant to [Public Service Law] § 70."

The Commission's statement in its 2007 order that the use of the property as an envelope manufacturing facility was the reason that the sale was approved is belied by its 2002 order, which contemplates future transfers of the property as follows: "the Agreement includes deed restrictions that prevent [Luyster Creek] *or any future owner* from using the Property in a manner otherwise permitted by the applicable zoning regulations" (emphasis added).

This language makes clear that the Commission in 2002 recognized the possibility that Luyster Creek could eventually transfer the property. Furthermore, potential resale of the property was part of the agreement between Luyster Creek and Con Edison, which provided that Luyster Creek would pay Con Edison fifty percent of all net proceeds from any sale that occurred within three years of closing.

The development of an envelope factory was not made an express condition of the Commission's approval or a condition precedent to the transfer of the property to Luyster Creek, therefore, the Commission's Order of April 2007, nullifying its prior approval of the proposed sale lacks a rational basis (*see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y.*, 16 NY3d 360, 368 [2011]).

Given this disposition, we need not reach the issue as to whether the Commission exceeded its delegated statutory authority.

Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur in memorandum; Chief Judge LIPPMAN and Judge READ taking no part.

Order reversed, etc.